UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE R. WASHINGTON, #111260,

        Plaintiff,

v.

PAUL PIPER, M.D., SHEILA BASKIN, R.N.,
HOPE S. HEEBSH, P.A., CORRECTIONAL
MEDICAL SERVICES, INC., and
PRISON HEALTH CARE SERVICES, INC.,

        Defendants.
_____/

CASE NO. 11-10449
HON. JOHN CORBETT O'MEARA

**ORDER
(1) DISMISSING THE COMPLAINT,
(2) DENYING THE APPLICATION FOR LEAVE TO
PROCEED WITHOUT PREPAYMENT OF THE FEES AND COSTS,
(3) DENYING THE APPLICATION FOR APPOINTMENT OF COUNSEL, AND
(4) DENYING THE MOTION FOR SERVICE OF PROCESS**

    Plaintiff Clarence R. Washington is a state prisoner currently confined at Ryan Correctional Facility in Detroit, Michigan. On February 4, 2011. Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, along with an application to proceed without prepayment of the fees and costs for this action and an application for appointment of counsel. Plaintiff subsequently filed a motion for service of process by the United States Marshal.

    The complaint alleges that, in 2007, while Plaintiff was confined at the Lakeland Correctional Facility in Coldwater, Michigan, he requested special box-toe footwear. Defendant Hope S. Heebsh denied Plaintiff's request because Plaintiff was unable to

pay for the shoes. Plaintiff was subsequently transferred to his current location at the Ryan Correctional Facility where he asked defendant Paul Piper, M.D., for the special footwear and for an assessment of four lumps on his testicles. Dr. Piper allegedly informed Plaintiff that there was nothing he could do other than prescribe Tylenol. The complaint goes on to say that, on October 6, 2009, after years of pain and suffering, Plaintiff had an operation to remove the lumps from his testicles. He seeks monetary and injunctive relief for deliberate indifference to serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

On April 6, 2011, the Court ordered Plaintiff to prepay the filing fee of $350.00 or to show cause why his complaint should not be dismissed. The Court noted that three of Plaintiff's prior complaints were dismissed as frivolous or for failure to state a claim[1] and that a prisoner may not file a federal complaint without prepaying the filing fee if

---

[1] *See Washington v. Townsend, et al.*, No. 90-71653 (E.D. Mich. July 24, 1991) (order adopting the Magistrate Judge's Report and Recommendation and dismissing the complaint with prejudice because Plaintiff's claims lacked an arguable basis in law or fact and were frivolous); *Washington v. Swift, et al.*, No. 94-73966 (E.D. Mich. Nov. 16, 1994) (opinion and order dismissing case as frivolous); *Washington v. Hutchinson, et al.*, No. 08-12787 (E.D. Mich. Sept. 10, 2009, and Dec. 30, 2009) (orders adopting the magistrate judge's reports and recommendations that the defendants be dismissed from the lawsuit). Although some of the defendants in case number 08-12787 were dismissed without prejudice because Plaintiff failed to exhaust administrative remedies for his claims against those defendants, two of the defendants were summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. An additional claim was dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the Eighth Amendment. "[W]here a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(b)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).

three or more of his prior cases were dismissed as frivolous, malicious, or for failure to state a claim unless the prisoner faces imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).[2]  The Court warned Plaintiff that, failure to comply with the Court's order within twenty-eight days of the date of the order could result in the dismissal of the complaint.

More than twenty-eight days have elapsed since the Court issued its order to show cause in this case, and Plaintiff has not paid the filing fee for this action, nor shown cause why his complaint should not be dismissed.  The complaint, moreover, fails to allege facts demonstrating that Plaintiff is under imminent danger of serious physical injury.  The growths on his testicles have been removed, and his need for special box-toe footwear does not rise to the level of "imminent danger of serious physical injury."  *See Zuniga v. University Health System*, 71 F. App'x 293, 293-94 (5th Cir. 2003) (dismissing an appeal as frivolous where the inmate alleged that he would suffer irreparable harm if he were not given orthopedic shoes).

Accordingly, the application to proceed without prepayment of fees and costs [dkt. #2] is **DENIED**, and the complaint [dkt. #1] is **DISMISSED** without prejudice

---

[2] This statutory provision reads:

> **(g)**  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

pursuant to 28 U.S.C. § 1915(g). The application for appointment of counsel [dkt. #3] and the motion for service of process by the United States Marshal [dkt. #5] are **DENIED** as moot.

s/John Corbett O'Meara<br>
United States District Judge

Date: May 31, 2011

    I hereby certify that on May 31, 2011 a copy of this order was served upon Plaintiff at Ryan Correctional Facility by first-class U.S. mail.

s/William Barkholz<br>
Case Manager