UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE R. WASHINGTON, #111260,

        Plaintiff,

v.                                             CASE NO. 11-10449
                                             HON. JOHN CORBETT O'MEARA
PAUL PIPER, M.D., SHEILA BASKIN, R.N.,
HOPE S. HEEBSH, P.A., CORRECTIONAL
MEDICAL SERVICES, INC., and
PRISON HEALTH CARE SERVICES, INC.,

        Defendants.

_____/

**ORDER
GRANTING PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME
AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I. Introduction**

    Plaintiff Clarence R. Washington is a state prisoner currently confined at Brooks Correctional Facility in Muskegon Heights, Michigan. On February 4, 2011, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also applied for leave to proceed without prepayment of the fees and costs for his lawsuit. The complaint alleged that correctional officials had denied Plaintiff's requests for special box-toe footwear and for an assessment of four lumps on his testicles. He sought monetary and injunctive relief for deliberate indifference to serious medical needs.

    Three of Plaintiff's prior complaints were dismissed as frivolous or for failure to state a claim, and prisoners may not file a complaint in federal court without prepaying the filing fee if, on three or more occasions, the plaintiff brought an action or appeal that

was dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). An exception exists when "the prisoner is under imminent danger of serious physical injury." *Id.* Because Plaintiff did not prepay the filing fee, the Court ordered him on April 6, 2011, to either pay the filing fee of $350.00 or to show cause why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(g). The Court warned Plaintiff that, failure to comply with the Court's order within twenty-eight days of the date of the order could result in the dismissal of his complaint.

Plaintiff did not respond to the Court's order within twenty-eight days, and on May 31, 2011, the Court dismissed his complaint without prejudice. Currently pending before the Court are Plaintiff's motion for an enlargement of time in which to respond to the Court's show-cause order and Plaintiff's motion for reconsideration of the order dismissing his complaint.

## II. The Motion for Extension of Time

Plaintiff alleges in his motion for extension of time that he did not receive the Court's show-cause order of April 6, 2011, until May 30, 2011, due to a series of institutional transfers. He maintains that an earlier response to the Court's order to show cause was not possible. The Court accepts Plaintiff's explanation and grants his motion for an enlargement of time [dkt. #9] to file a response to the Court's show-cause order. Plaintiff has incorporated his response to the show-cause order in his motion and brief for reconsideration. Therefore, it is unnecessary to provide Plaintiff with additional time to file a response. The response is deemed timely.

## III. The Motion for Reconsideration

Plaintiff's motion for reconsideration is governed by this District's local rules,

2

which require the movant to "show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. United States Securities and Exchange Commission*, __ F.3d __, __, Nos. 09-2117, 09-2570, 10-1477, and 10-1837, 2011 WL 3890226, at *7 (6th Cir. Sept. 6, 2011) (citing what is now E.D. Mich. Local Rule 7.1(h)(3), effective March 1, 2010). "The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration." *Id*. "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E. D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E. D. Mich. 2001)).

### A. When to Evaluate whether the Plaintiff is in "Imminent Danger"

Plaintiff alleges that the Court made three errors in dismissing his complaint. First, he claims that the Court erred in looking to the date his complaint was filed when assessing whether he was under "imminent danger" and satisfied the exception to the rule for "three strikers." Plaintiff claims that the Court should have evaluated his claims as of the time that he initiated the administrative exhaustion process required by 42 U.S.C. § 1997e(a).[1]

Every federal circuit court of appeals to consider the issue, including the Sixth Circuit in an unpublished case, has read §1915(g) to require the prisoner to be in

---

[1] This statute reads: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

imminent danger at the time of the filing of the complaint in federal court. *Vandiver v. Vasbinder*, 416 F. App'x 560, 561 (6th Cir. Mar. 28, 2011) (collecting cases). The Court therefore concludes that it did not err when it evaluated Plaintiff's condition as of the date Plaintiff filed his complaint.

### B. Whether Plaintiff was in "Imminent Danger"

Plaintiff argues next that the Court erred in concluding he was not in imminent danger of serious physical injury. He alleged in his complaint that, beginning in 2007, he requested medically prescribed box-toe footwear and medical treatment for painful and malignant lumps on his testicles. However, he also alleged that the growths on his testicles were removed in October of 2009, and the Court determined that the refusal to provide Plaintiff with special box-toe footwear without charge did not rise to the level of a constitutional violation. The Court concluded that Plaintiff was not under imminent danger of serious physical injury when he filed his complaint on February 4, 2011.

Plaintiff has failed to demonstrate that he is presently being denied adequate treatment for a potentially life-threatening illness or condition. Thus, he is not in "imminent danger" for purposes of § 1915(g).

### C. Whether Petitioner Should Have Been Permitted to Amend his Complaint

Plaintiff's third and final argument is that the Court erred when it failed to give him an opportunity to amend his complaint. The Court did give Plaintiff almost two months to respond to the order to show cause. Furthermore, the Court of Appeals for the Sixth Circuit has stated that district courts may not permit plaintiffs to amend a complaint to avoid a dismissal. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (interpreting the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A). The

Court therefore did not err by failing to offer Plaintiff an opportunity to amend his complaint.

### IV.  Conclusion

Plaintiff has failed to show that the Court made a clear and unmistakable error when it dismissed his complaint pursuant to 28 U.S.C. § 1915(g).  Accordingly, Plaintiff's motions and brief for reconsideration [dkt. # 8 and dkt. #10] are **DENIED**.


                                        s/John Corbett O'Meara
                                        United States District Judge


Date:  October 7, 2011


I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, October 7, 2011, at (LRF) 2500 S. Sheridan Drive, Muskegon Heights, Michigan 49444 by first-class U.S. mail.


                                        s/William Barkholz
                                        Case Manager